UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | Filed / Docketed |
| | ) | June 10, 2009 |
| HALL, LADONNA, | ) Case No. 07-11393-R | |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HALL, BARRY E., and | ) | |
| STABILITY ENTERPRISES, | ) Case No. 08-10851-R | |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| KEITH CARTER, MARVIN | ) | |
| BATTLE and CAROLYN BATTLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) Adv. No. 07-1130-R | |
| | ) | |
| BARRY HALL and | ) | |
| LADONNA HALL, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFFS'
### REQUEST FOR EXTENSION OF TIME UNDER FED. R. CIV. P. 4(m)

Before the Court is the Order to Show Cause why this proceeding should not be dismissed for failure to properly serve Defendant LaDonna Hall ("Ms. Hall") and her bankruptcy counsel in accordance with Bankruptcy Rule 7004, Local Rule 7004-1, and Federal Rule of Civil Procedure 4(m) (Doc. 26) issued by the Court on April 29, 2009; Plaintiffs' Response to Order to Show Cause (Doc. 28) filed by Plaintiffs Keith Carter, Marvin Battle and Carolyn Battle ("Plaintiffs") on May 16, 2009; the Order Requiring

Plaintiffs to Supplement Response (Doc. 29) issued on May 21, 2009; and Plaintiffs' Supplemental Response to Order to Show Cause ("Supplemental Response") (Doc. 30), filed by Plaintiffs on May 29, 2009. In the Supplemental Response, Plaintiffs request, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, that the Court grant them an extension of time to effect proper service of process on Ms. Hall.

**Jurisdiction**

The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C. §§ 1334, 157(a) and (b)(2)(I); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Findings of fact and conclusions of law**

Ms. Hall filed for relief under Chapter 7 of the Bankruptcy Code on July 20, 2007. Main Case Doc. 1.[1] The deadline in which to object to discharge was October 15, 2007. Main Case Doc. 3. On October 15, 2007, Plaintiffs filed a Complaint Objecting to Discharge against Ms. Hall pursuant to Sections 523(a)(2), (a)(4) and (a)(6) ("Complaint"). Doc. 1. On October 16, 2007, the Clerk of this Court issued a Summons in an Adversary Proceeding ("Summons") (Doc. 3). The Summons indicated that it was issued on October 16, 2007, and advised that the recipient is "required to file a motion or answer to the complaint which is

---

[1] Ms. Hall filed a joint case with her husband, Barry E. Hall, and Mr. Hall is also a defendant in this adversary proceeding. However, on March 27, 2008, Mr. Hall's discharge was denied in a Section 727 adversary proceeding filed by the United States Trustee, and his bankruptcy case was severed from Ms. Hall's case. Default Judgment Denying the Discharge of Barry E. Hall, Main Case Doc. 151. Because Plaintiffs' claim against Mr. Hall has already been excepted from discharge, Plaintiffs' request for relief against Mr. Hall shall be dismissed as moot. Thus, this Order only addresses the viability of Plaintiffs' action against Ms. Hall.

2

attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons." Summons at 1. The Summons further provided that "if you fail to respond to this summons, your failure will be deemed to be your consent to entry of a judgment by the bankruptcy court and judgment by default may be taken against you for the relief demanded in the complaint." Id. The Summons is the only summons issued in this proceeding.

  A. <u>Plaintiffs failed to timely serve the Summons on Ms. Hall</u>

Rule 7004(e) provides that–

> service made under Rule 4(e) [service upon an individual by personal service or by a method permitted by state law] . . . F.R.Civ.P. shall be by delivery of the summons and complaint within 10 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. . . .

Bankruptcy Rule 7004(e). Plaintiffs did not deliver or mail the Summons and Complaint to Ms. Hall within ten days of the issuance date of October 16, 2007. The Summons became "stale" on October 26, 2007.

On or about November 27, 2007, Plaintiff mailed the Summons and the Complaint to Ms. Hall by certified mail. See Certificate of Service (Doc. 7) filed on February 11, 2008. However, because the Summons was stale, and stated that Ms. Hall was required to respond within thirty days of October 16, 2007 (which time period had expired before Plaintiffs mailed the Summons and Complaint), the Court concludes that service of process upon Ms. Hall was ineffective. In addition, there is no evidence that Ms. Hall's bankruptcy attorney was served with a copy of the Summons and Complaint as required by Bankruptcy Rule

7004(g), and Plaintiffs' counsel advises that although Ms. Hall's attorney had actual knowledge of the Complaint, he would testify that he was never served by Plaintiffs.

On August 8, 2008, Plaintiffs filed an Amended Complaint. On November 18, 2008, Plaintiffs attempted to serve the Amended Complaint upon Ms. Hall by certified mail, which was returned as undeliverable because Ms. Hall had moved. On December 18, 2008, Plaintiffs located Ms. Hall and personally served her with the Amended Complaint. See Proof of Service attached to Status Report filed on March 18, 2009, Doc. 22. On May 16, 2009, Plaintiffs filed an Affidavit of Service of Process by Terry L. Laflin, indicating that Mr. Laflin (a process server) served both the Amended Complaint and the Summons on Ms. Hall. Doc. 28. The Summons, however, was stale, and again, indicated that Ms. Hall's opportunity to respond to the Amended Complaint expired long before the document was served on her. Thus, service of the Summons and Amended Complaint by Mr. Laflin was also ineffective. Ms. Hall has never been properly served with a valid and enforceable summons.

At this point, in order to obtain effective service of process on Ms. Hall under Rule 7004(e), Plaintiffs would have to obtain an "alias" summons and serve Ms. Hall with the alias summons and Amended Complaint within ten days of the issuance of the alias summons.

B.    Plaintiffs cannot serve the Amended Complaint within the time limit for service

Even armed with an alias summons, however, the delay occasioned by Plaintiffs' lack of diligence renders it impossible for Plaintiffs to comply with Rule 4(m) of the Federal

Rules of Civil Procedure. Rule 4(m) (made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7004(a)(1)), provides–

> If a defendant is not served within 120 days after the complaint is filed, the court –on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m) ("Rule 4(m)").

The Complaint was filed on October 15, 2007. The 120 day deadline expired on February 12, 2008, and as of the date of this Order (604 days after the Complaint was filed), Ms. Hall has never been effectively served. Under Rule 4(m), if Plaintiffs have shown good cause for the failure to timely effect service, the Court *must* extend the time to serve Ms. Hall. The Tenth Circuit holds plaintiffs to a high standard in establishing good cause. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995), *citing* Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436 (10th Cir. 1994) (good cause not shown where plaintiff's counsel misread the rules, even though defendants failed to show prejudice, statute of limitations would bar refiling of claim if case was dismissed, and defendants probably had actual notice of claims against them). Because the circumstances of this case are similar to those in Despain (*i.e.*, simple neglect in failing to read or follow applicable rules of service), the Court finds and concludes that Plaintiffs have not established good cause for their failure to timely serve Ms. Hall.

Even in absence of good cause, however, the Court has discretion to extend the time to permit Plaintiffs to effect service. See Espinoza, 52 F.3d at 840-42. In their Supplemental Response, Plaintiffs urge the Court to exercise its discretion to allow them to obtain a new

5

summons and grant an extension of time to serve it on Ms. Hall. Supplemental Response at 4. Plaintiffs request, in practical effect, would result in the commencement of their lawsuit against Ms. Hall almost two years after she filed her Chapter 7 petition, and more than 600 days after the deadline for filing complaints objecting to discharge.

The equities do not favor allowing Plaintiffs a "do-over" at this late date. Through no fault of Ms. Hall, Plaintiffs simply have not been diligent in prosecuting this proceeding. Throughout this proceeding, Plaintiffs' demonstrated lack of diligence prompted the Court to issue numerous orders requiring Plaintiffs to file reports as to the status of the case. For example, an order requiring Plaintiffs to file a status report was entered on January 30, 2008 (Doc. 5), because at that time, three and one-half months after the Complaint was filed, the docket report failed to indicate whether Ms. Hall had ever been served with the Summons and Complaint. Another order requiring a status report was entered on April 7, 2008 (Doc. 9), because the amended complaint that Plaintiffs indicated would be filed had not been filed. On May 21, 2008, the Court held a status conference (Doc. 13) after Plaintiffs failed to file the status report required by the April 7th order. An order requiring a status report was again entered on July 28, 2008 (Doc. 14), as an amended complaint still had not been filed.

The Amended Complaint was finally filed on August 8, 2008 (Doc. 16). Three months later, on November 6, 2008, the Court issued another order requiring a status report because the docket report showed no activity since the Amended Complaint was filed (Doc. 17). As of December 12, 2008, the docket report still contained no evidence that the Amended Complaint had been properly served on Ms. Hall, so again, the Court required a status report (Doc. 19). At that point, Plaintiffs reported that they had attempted to serve the

6

Amended Complaint on Ms. Hall by mail on November 18, 2008, but it had been returned as undeliverable, so Plaintiffs hired a process server to personally serve the Amended Complaint. Status Report filed on December 22, 2008 (Doc. 20). On March 4, 2009, the Court set a status conference (Doc. 21) because no return of service had been filed. On March 18, 2009, Plaintiffs filed a Status Report and Certificate of Service of Amended Complaint (Doc. 22), and advised that because Ms. Hall had not answered the Amended Complaint, Plaintiffs planned to file a motion for default judgment within 10 days. However, because the Amended Complaint did not clearly establish that conduct of Ms. Hall rendered Plaintiffs' claim non-dischargeable, the Court set the matter for trial. At the pretrial conference held on April 29, 2009, Ms. Hall appeared by phone, without counsel, and the issue of whether Ms. Hall had ever been properly served was raised.

Plaintiffs have had an ample opportunity to timely serve and diligently prosecute this action against Ms. Hall. Notwithstanding that Plaintiffs' claims under Section 523(a) of the Bankruptcy Code will be time-barred upon dismissal, the delay and passage of time, through no fault of Ms. Hall,[2] would be inherently prejudicial to Ms. Hall's defense. Ms. Hall was entitled to be served with a valid summons within 120 days after the Complaint was filed, and entitled to proper service on her bankruptcy counsel. More than 600 days has elapsed without *any* meaningful progress in this case.

---

[2] Plaintiffs argue that Ms. Hall failed to file with the Court a document indicating a change of address, and therefore their failed attempt to serve her by certified mail in November 2008 is her fault. Even if Ms. Hall had given notice of her change of address, however, the attempted service would not have been valid, as no alias summons was issued and service would have occurred more than 120 days after the commencement of the action.

**Conclusion**

Accordingly, the Court declines to exercise its discretion to extend the time for service of process under Rule 4(m). A separate judgment dismissing this action shall be entered contemporaneously herewith.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE